P. Gandía & Co., Plaintiff and Appellant, *v.* Javier Hernández, Defendant and Appellee.

No. 4029. Argued January 25, 1927.—Decided January 31, 1927.

*Juan B. Soto* and *José Iglesias* for the appellant. *José Ruiz de Val* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiff brought suit on two promissory notes and for the recovery of an additional sum for merchandise sold and delivered to defendant.

Appellant says that the court below overruled a demurrer to the complaint before defendant's answer was filed. The brief contains no reference to any page of the record where such ruling may be found and a cursory examination of the transcript throws but little additional light upon the question of what actually occurred in this regard. It thus appears that the demurrer was filed in August, 1924, and the answer in April, 1925. The case was not tried until October 30, 1925. Defendant, therefore, had ample opportunity to insist upon having his demurrer disposed of before the date of the trial and would have small reason to complain if the court in fact failed to pass upon the question so raised before

the case was called for trial. In the circumstances, and in the view we take of the case, the fact becomes a matter of minor importance.

Defendant did not appear at the trial in the district court nor has he appeared by brief or at the hearing before this court.

After a trial on the merits at which the notes in question were produced by the managing partner of plaintiff, duly identified and introduced in evidence, the district judge sustained the demurrer for want of an averment as to delivery of the notes, dismissed the action in so far as the claim for the amounts due on the notes was concerned, and rendered judgment in favor of plaintiff for the small balance due on account.

From the statement filed as a part of such judgment, we take the following extract:

"Nevertheless, if the plaintiff had further alleged that he was the holder of the documents, the averment as to the delivery would not have been indispensable, because the law presumes the delivery in such cases, unless that presumption be destroyed, but this would be a matter of evidence.

" 'The holder of a bill or note need not prove the delivery; for the law will presume a delivery, unless something is made to appear which counteracts such presumption. If the payee of a note has it in his possession, that fact is deemed to be *prima facie* evidence that it has been delivered.' 3 R.C.L. 859."

Obviously, the court below overlooked the fact that the omission in question had been supplied by the evidence. It seems equally plain that if the demurrer had been sustained upon the ground referred to at any time before the trial or even during the trial, the complaint might have been amended by a stroke of the pen upon obtaining leave from the court. Whether a formal ruling upon the demurrer was reversed or not by the final decision of the court, we are persuaded, all things considered, that the complaint should have been deemed to have been amended to conform to the evidence

adduced at the trial, or else, and at least, plaintiff should have been given an opportunity so to amend.

The judgment appealed from must be reversed in so far as the dismissal in part of the action is concerned, modified in accordance with the prayer of the complaint as to the amount of recovery and, as modified, affirmed.